# CHARLESTON.

MONONGAHELA WEST PENN PUBLIC SERVICE COMPANY *v.*
MONONGAHELA DEVELOPMENT COMPANY.
(No. 5143.)

Submitted June 6, 1924.        Decided February 3, 1925.

EMINENT DOMAIN—*Company Chartered as Railroad Company, and Engaged in Operation of Street or Interurban Railroads by Electricity, Held Entitled to Exercise Right of Eminent Domain.*

By Sub-section 10-a, Section 50, Chapter 54, Code, a corporation chartered as a railroad company and engaged in the operation of street or interurban railroads by electricity or any motive power other than steam, is given the status of a power company entitling it, under Clause 6, Section 2, Chapter 42, Code, to exercise the right of eminent domain.

Error to Circuit Court, Monongalia County.
Application by the Monongahela West Penn Public Serv-

ice Company to condemn an easement across the lands of the Monongahela Development Company. The applicant's right to condemn was sustained, and defendant brings error.

*Affirmed.*

*Minter L. Wilson* and *Glasscock & Glasscock,* for plaintiff in error.

*Cox & Baker,* for defendant in error.

LITZ, JUDGE:

The applicant, Monongahela West Penn Public Service Company, is a domestic corporation chartered as a railroad company under Section 32, Chapter 54, Code. It owns and operates as a common carrier an electric railway system in Marion, Harrison and Lewis counties, West Virginia, and also furnishes electric light, heat and power to cities, towns and villages and to domestic, commercial and industrial consumers in said counties and the counties of Taylor and Barbour of this State. It also produces the electricity required for these purposes by a steam plant at Rivesville, Marion County, and transmits the same for distribution over a main transmission line, numerous branch lines and service connections. The applicant seeks to condemn an easement across the lands of defendants situated in Monongalia county in the construction and maintenance of a main transmission line to be used for the conveyance of electricity in its public service business. The land owners resist the right of applicant to condemn, setting up as the only ground worthy of consideration that the latter has no power under its charter or the general law to exercise the right of eminent domain as a power company engaged in the business of furnishing electricity to the public. In the case of *Monongahela West Penn Public Service Company* v. *C. F. Cunningham Company,* decided contemporaneously herewith, this defense is held to be untenable by reason of Sub-section 10-*a*, Section 50, Chapter 54, Code, providing that a corporation engaged in the operation of street or interurban railroads by electricity or other motive power than steam shall have the right to furnish and sell

to the public, after having procured a franchise therefor from the municipality in which it seeks to operate, electricity and gas, either natural or artificial, or both, for light, heat, power or fuel, and to purchase, hold and use such property, rights, privileges and franchises as may be necessary in the generation, production, manufacture and sale to the public of such electricity and gas for light, heat, power or fuel.

The judgment of the circuit court, sustaining the applicant's right to condemn, of which defendants complain, will therefore be affirmed.

*Affirmed.*